**THE FLEISHMAN FIRM**
CHARLES J. FLEISHMAN (SBN 46405)
PAUL A. FLEISHMAN (SBN 251657)
A Professional Corporation
5850 Canoga Ave. 4th Floor
Woodland Hills, California 91367
erisa@erisarights.com
Telephone: (818) 710-2724
FAX: (818) 710-2728
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HOFFMAN,<br><br>       Plaintiff,<br><br>    vs.<br><br>SCREEN ACTORS GUILD-PRODUCERS HEALTH PLAN, an ERISA plan; SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN, an ERISA plan; DOES 1 through 10,<br><br>       Defendants | NO. CV 10-cv-6913 GAF (AJWx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date: November 7, 2011<br>Time: 10 am<br>Judge: Honorable Andrew J. Wistrich |

To the defendant and to its attorney of record:

Notice is hereby given that on November 7, 2011 in Courtroom 690 of the above entitled court located at 255 E. Temple St., Los Angeles, California, Plaintiff will move the court for an order requiring Defendants to provide responsive documents to Plaintiff's Request for Production of Documents.

1

The motion is based on this notice of motion, the following points and authorities, any supplemental briefs filed hereafter and facts presented at the hearing.

Dated:   September 16, 2011

/s/Paul Fleishman

Paul A. Fleishman

**THE FLEISHMAN LAW FIRM**
CHARLES J. FLEISHMAN (SBN 46405)
PAUL A. FLEISHMAN (SBN 251657)
A Professional Corporation
5850 Canoga Ave. 4th Floor
Woodland Hills, California 91367
erisa@erisarights.com
Telephone:  (818) 710-2724
FAX: (818) 710-2728
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HOFFMAN, | NO. CV 10-cv-6913 GAF (AJWx) |
| Plaintiff, | PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND PARTIES JOINT STIPULATION |
| vs. | |
| SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN, an ERISA plan; SCREEN ACTORS GUILD-PRODUCERS HEALTH PLAN, an ERISA plan; DOES 1 through 10, inclusive, | |
| Defendants | |

## I.  Introductions

## A.  PLAINTIFF'S INTRODUCTORY STATEMENT

This is an action for employer provided benefits governed by ERISA. Plaintiff applied for health benefits, was denied the health benefits, and timely appealed the denial of her health benefits.  Plaintiff's appeal for the health benefits was denied and the denial was communicated to her on June 22, 2010.  Plaintiff then brought this action for the health benefits.

1

On June 9, 2011 Plaintiff served her second request for production of documents upon defendants Screen Actors Guild-Producers Pension Plan and Screen Actors Guild-Producers Health Plan ("Defendants"). Plaintiff's request sought each and every writing in the administrative record memorializing the review by legal counsel of Ms. Hoffman's claim. In response, on August 11, 2011 Defendants sent Plaintiff an amended privilege log containing several assertions of the attorney-client privilege.

On July 28, 2011, Plaintiff's counsel wrote to Defendants' counsel to dispute the Defendants claims of attorney-client privilege as asserted in their amended privilege log.

On August 11, 2011 Defendants sent Plaintiff their second amended privilege log attached hereto as exhibit 1.

Under the common law fiduciary exception, the attorney-client privilege does not apply with respect to communications made to fiduciaries who obtain legal advice in the execution of their fiduciary obligations. The documents listed on Defendants second amended privilege log should be provided to Plaintiff because, even if the attorney-client privilege would ordinarily apply to them, they are subject to the fiduciary exception of the attorney-client privilege.

## B. DEFENDANTS' INTRODUCTORY & FACTUAL STATEMENT

Plaintiff's request for attorney client privilege documents does not fall under the fiduciary exception because the privileged communications at issue were initiated and conducted several months after Defendants' had denied Plaintiff's claim to covert her Disability Pension to an Occupational Disability Pension and thus Plaintiff's and Defendants' interests had sufficiently diverged to protect and preserve the attorney-client privilege.

On February 24, 2010, Defendants' notified Plaintiff that the SAG-Health Plan was denying her request to convert her Disability Pension to an Occupational

Disability Pension because Plaintiff could not establish that her mental disabilities, for which she received her award from Social Security, occurred in the course of employment covered by the Plan.  Social Security had previously denied her request for disability based on her "physical disabilities."  (Declaration of Michael Chavez ("Chavez Dec."), ¶ 4, Ex. A.)  Shortly thereafter, Plaintiff appealed the SAG-Health Plan's decision to the SAG-Board of Trustees.  (Chavez Decl., ¶ 5.)  The SAG Board of Trustees is comprised of SAG Members and SAG Employers, and none of the SAG-Health Plan staff involved in the decision to deny Plaintiff's request for conversion are a part of the SAG Board of Trustees.  (Chavez Decl., ¶ 6.)Between April 22, 2010 and June 22, 2010 - well over two months after the SAG-Health Plan denied Plaintiff's conversion request – the SAG-Health Plan administration, including Amanda Bernard and Christopher Dowdell, consulted its legal counsel, Michelle Stimson, Esq, of Fox Rothschild LLP, to provide a legal review of SAG-Health Plan's denial of Plaintiff's conversion request.  (Chavez Decl., ¶ 7.)  Ms. Stimson's legal advice was not used by the SAG-Health Plan when it denied Plaintiff's conversion request on February 24, 2010.  (Chavez Decl., ¶ 8.)  The SAG-Health Plan did not vote in the appeal.  (Chavez Decl., ¶_9.)  Therefore Plaintiff's interest and Defendants' interest diverged upon the February 24, 2011 denial and the fiduciary exception does not apply.

## II.  Discovery Issued by Plaintiff and the Parties' Contentions

### A.  Plaintiff's Request For Production Of Documents to Defendant

Pursuant to Local Rule 37, the parties hereby provide verbatim each contested Request for Production of Documents, Defendant's responses, and Plaintiff's contentions.

/ / /

/ / /

/ / /

/ / /

3

Request For Production No. 5:

On page number SAG00009 which you sent to the plaintiff on May 5, 2011 as part of a group of papers described by you as "Production of Documents Nos. SAG00001-311, a copy of which is attached hereto, it is noted next to the date 4-22-2010, that "Our denial and records that Ms. Hoffman sent to Micki was forwarded to legal council for review before this goes to an appeal."  Please Produce each and every writing memorializing the review by legal council including, but not limited to, instructions to legal council, legal council's response to the review request, all formal and informal reports written by legal council, and all correspondence and memos relating to the legal council review.

Defendants' Response to Request for Production No. 5:

Defendants object to this Request on the ground that it seeks documents which are irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request on the ground that it seeks documents containing private, privileged, proprietary, financial and/or confidential information.  Defendants further object to this Request on the ground that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the foregoing objections and without waiving them, Defendants respond that upon diligent search and reasonable inquiry it will produce all non-privileged documents responsive to this request.  See Defendants First Amended Privilege Lod and documents bates labeled: SAG00312, SAG00317-342, SAG000352-382.  Discovery is ongoing and Plaintiff (sic) reserves the right to supplement this response.

/ / /

/ / /

/ / /

4

Plaintiff's Contentions Re: Request for Production No. 5:

"As applied in the ERISA context, the fiduciary exception [to the attorney-client privilege] provides that 'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.'" *U.S. v. Mett*, 178 F.3d 1058, 1063 (9th Cir., 1999). In their second amended privilege log Defendants assert the attorney-client privilege against Plaintiff (a plan beneficiary) regarding matters of plan administration.

There are two commonly asserted rationales for the fiduciary exception. One is that, "the fiduciary duty to disclose all matters of plan administration overrides the attorney-client privilege." *Klein v. Northwestern Mut. Life Ins. Co.*, --- F.Supp.2d---, 2011 WL 2579778, *5 (S.D.Cal, 2011). The other rational is that, "the fiduciary is not the real client when the advice is sought on behalf of the beneficiaries of the trust." Id. at *5. Under either rationale the documents Defendants claim are privileged fall within the fiduciary exception.

According to Defendants' second amended privilege log (Exhibit 1) the documents in the administrative record subject to the attorney-client privilege are emails between the Defendant Plans' administrators and the Defendants' counsels of record. See exhibits 1 and 2. The emails are described as seeking and providing legal opinions, "regarding Defendant's decision on Plaintiff's request for conversion from regular disability to occupational disability." Exhibit 1, p.2/3-10. These communications were made between Defendants attorneys in this case to Defendants regarding the administration of Plaintiff's benefits.

Also, these communications were made before the interests of the parties in this case diverged. All of the attorney-client communications listed on Defendants' second amended privilege log took place prior to Defendants' communication to Plaintiff of Defendants' appeal decision except one which took

5

place on the same day.  Exhibit 1.  Most of the communications were made in April 2010, 2 months before Defendants had decided Plaintiff's appeal.

In *Klein*, the defendants argued that the fiduciary exception had ended because the plaintiff was treating the claim as if it had already been decided.  The court held, "This argument fails to recognize that while the claim was still being adjudicated, Defendants were acting as ERISA fiduciaries, preparing a response to the claim and acting in the ordinary administration of the plan."  *Klein v. Northwestern Mut. Life Ins. Co.,*  --- F.Supp.2d---, 2011 WL 2579778, *5 Similarly, in this case, the documents Defendants seek to protect were generated by or for the Defendant ERISA Plans' fiduciaries while Plaintiff's claim was still under consideration.  Defendants were still fiduciaries acting in the ordinary administration of the plan.

### Defendants' Contentions Re: Request for Production No. 5:

Defendants contend that Request for Production No. 5 violates the attorney-client privilege.  Specifically, Defendants contend that its communications with its attorneys that occurred *two months after the administrative denial* of Plaintiff's request for conversion are protected by the attorney-client privilege.

The attorney-client privilege is "perhaps the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system."  *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir., 1997) (*citing Upjohn Co. v. United States*, 425 U.S. 391, 403 (1976)).  Once the attorney-client privilege is asserted, the party seeking to pierce it bears the burden of showing an exception exists.  *Klein v. Northwestern Mut. Life Ins. Co.,* 2011 WL 2579778, *5 (S.D.Cal, 2011).  Plaintiff cannot meet this burden.

Plaintiff asserts that the fiduciary exception applies.  This assertion lacks merit and her points and authorities fail to articulate the complete test to determine if the fiduciary exception applies.

In addressing the fiduciary exception, the Ninth Circuit has recognized that "the nature of the particular attorney-client communication" is dispositive. *U.S. v. Mett*, 178 F.3d 1058, 1065 (9th Cir., 1999). "Whether the communication was before or after the final benefits determination is a strong indicator of whether exception will apply." *Klein* 2011 WL 2579778, *9. Other factors to be considered include evidence that:

1. The threat of litigation was more than a remote possibility;

2. The interests of the beneficiary and ERISA fiduciary had diverged significantly;

3. The documents or communications were not necessary to or relied upon in the administrative claim process; and

4. The documents relate to a settler function and were not considered in evaluating the claim at issue.

*See Klein* 2011 WL 2579778, *9 (citing *U.S. v. Mett*, 178 F.3d at 1065.). Here, Defendants can demonstrate that the particular communications at issue occurred two months *after* the administrative denial, that the legal advice provided *was not necessary to or  relied upon* by SAG-Health Plan in the administrative claim process and that after the February 24, 2010 denial Plaintiff and Defendants' interests had diverged significantly.  (*See* Chavez Decl., ¶¶ 4-9.)

Specifically, the SAG-Health Plan denied Plaintiff's request for conversion on February 24, 2010. (Chavez Decl., ¶ 4, Ex. A.)  Two months *after the denial*, commencing on April 22, 2010 and through June 22, 2010, and after Plaintiff appealed the decision to the SAG-Board of Trustees, the SAG-Health Plan consulted their legal counsel, Michelle Stimson, Esq, of Fox Rothschild LLP, to provide a legal review of SAG-Health Plan's denial of Plaintiff's conversion request. (Chavez Decl., ¶ 7.) Ms. Stimson's legal advice was not used by the SAG-Health Plan when it denied Plaintiff's conversion request on February 24, 2010. (Chavez Decl., ¶ 8.)  The SAG-Health Plan did not vote in the appeal

7

(Chavez Decl., ¶ 9.) and the entire written and oral recording of the appeal hearing has been produced to Plaintiff (Declaration of Javier C. Rivera, ¶ 3.)

These facts establish that the attorney-client communications at issue occurred *after* the administrative denial, they *were not necessary to or relied upon* by the SAG-Health Plan and that Plaintiff's interest and Defendants' interest diverged upon the February 24, 2011 denial.

Accordingly, the attorney-client communications at issue are not subject to fiduciary exception and the court should uphold the attorney-client privilege in this matter.

### III.  **Conclusions**

**A.  Plaintiff's Conclusion**

Because the documents that Defendants' claim are subject to the attorney-client privilege fall within the fiduciary exception of that privilege, Plaintiff respectfully requests this court compel the Defendant to produce those documents.

**B.  Defendants' Conclusion**

Plaintiff cannot establish that the fiduciary exception applies to the documents/communications at issue in this matter.  Therefore, Defendants' respectfully request that this Court deny Plaintiff's Motion and hold that the attorney-client communications at issue are protected and privileged.


Respectfully submitted,


Paul A. Fleishman


Respectfully Submitted,


_____

Javier C. Rivera

8