**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE HOFFMAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN, an ERISA Plan; SCREEN ACTORS GUILD-PRODUCERS HEALTH PLAN, an ERISA Plan, <br><br> Defendants-Appellees. | No.   20-55534 <br><br> D.C. No. <br> 2:10-cv-06913-CJC-AJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 3, 2021
Pasadena, California

Before: KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Former stuntwoman Leslie Hoffman's action for benefits under her union's ERISA disability plans returns to us for a third time. This time, she appeals the district court's May 2020 Order Granting in Limited Part Plaintiff's Motion to Reopen (the "Order") her first lawsuit, *Hoffman I* (challenging the denial of her

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

request to convert her Disability Pension to an Occupational Disability Pension with corresponding future health coverage). For reasons not entirely clear to us, she split her case in two when, after a prior remand, the Plans again denied benefits. *See Hoffman v. Screen Actors Guild Producers Pension Plan*, 757 F. App'x 602, 603, 606 (9th Cir. 2019) (*Hoffman II*) (challenging only the retroactive termination of her Disability Pension benefits). We think it clear the district court had jurisdiction under 29 U.S.C. § 1132(a). On these curious facts, we hold the collateral order doctrine allows us to review the Order. *See Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *see also Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1089–90 (9th Cir. 2007). Because at oral argument it became clear the Plans have no intention to re-examine her claim for health coverage as the district court was led to believe when it understandably declined to adjudicate her entitlement prematurely, we reverse, vacate, and remand.

The litigation over Hoffman's entitlement to benefits has a tortured history and is now on its fourth district judge and its third panel of circuit judges.[1] Hoffman, a retired stunt actress, has sought benefits from the Screen Actors Guild-Producers Pension & Health Plans (individually, the "Pension Plan" and the

---

[1] Given its unusual posture, we recite only the facts and procedural history germane to our decision here.

"Health Plan," and collectively, the "Plans") since 2004. In 2010, the Plans denied Hoffman's 2008 request to modify her existing $952 monthly Disability Pension[2] into an Occupational Disability Pension[3]—which would give her lifetime health coverage benefits—after determining her disability from severe major depression was not linked to her stunt work. Following an unsuccessful administrative appeal, Hoffman filed *Hoffman I* in 2010, challenging the Plans' conclusion that her "Total Disability" was not caused by her work—i.e., missing an occupational nexus.

The district court granted summary judgment for the Plans in 2012, but we reversed after concluding the Plans denied Hoffman a full and fair review of her claim of entitlement to coverage under the Occupational Disability Plan. *See Hoffman v. Screen Actors Guild-Producers Pension Plan*, 571 F. App'x 588, 590–91 (9th Cir. 2014) (*Hoffman I*) (concluding "that the record does not foreclose the possibility that a second medical professional would conclude that the combination of Hoffman's mental *and* physical impairments related to her occupation caused her total disability"). The district court then issued its remand order on July 18,

---

[2] The "Disability Pension" requires proof of "Total Disability," which is both an official determination of entitlement to Disability Benefits by the Social Security Administration, *and* a determination by the Plans' own medical consultant that the claimant meets the Plans' more restrictive definition of "Total Disability."

[3] The "Occupational Disability Pension" requires a determination of "Total Disability" *and* that the "disability occurred in the course of employment covered by the Plan"—i.e., nexus.

2014; however, it expanded the scope of review to "encompass all information that bears on the disability claim." The Plans on remand confirmed their earlier determination reiterating the missing occupational nexus, while also informing Hoffman they were retroactively reviewing her entitlement to the $952 monthly Disability Pension she had been receiving for years. Although the Plans had denied the claim for lack of occupational nexus, the district court subsequently denied Hoffman's first motion to reopen *Hoffman I* on January 20, 2015, reasoning that "the case is not presently closed, and the Plan has apparently not completed administrative review of whether [Hoffman] is disabled." We denied Hoffman's mandamus petition to compel the district court to review the disability issue on February 25, 2015.

On June 19, 2015, the Pension Plan then retroactively terminated Hoffman's Disability Pension, determining she had not actually met the Plans' definition of "Totally Disabled" since at least December 31, 2004. It sought restitution for all disability payments previously paid plus interest. Hoffman unsuccessfully administratively appealed that decision, too, and then filed her second lawsuit, *Hoffman II*, which challenged that retroactive decision. The district court again granted summary judgment for the Pension Plan, but we again reversed. *See Hoffman II*, 757 F. App'x at 603, 605–06 (concluding the district court failed to consider procedural defects and "erred in summarily denying Hoffman's claims

4

that the Plans failed to provide full and fair review under ERISA section 503"). On remand, the district court found the Pension Plan abused its discretion in terminating Hoffman's disability benefits and further remanded the matter to the Pension Plan on October 24, 2019. Several months later, however, the district court entered the parties' stipulated judgment in Hoffman's favor on February 5, 2020,[4] and later awarded Hoffman attorney fees for *Hoffman II*.

On April 7, 2020, Hoffman filed her second motion to reopen *Hoffman I* so she could pursue her claim for lifetime medical benefits, which for some reason was not resolved in the earlier litigation. The district court entered the Order now before us on May 1, 2020, limited solely to allowing Hoffman's attorney fees motion to proceed for the work in *Hoffman I*, but rejecting Hoffman's request to reopen the case to adjudicate her entitlement for future health benefits under the Occupational Disability Pension.

We were informed at oral argument that on remand the Pension Plan has done nothing because it has paid out all Disability Pension monetary benefits to

---

[4] Apparently as the result of partial settlement, the parties stipulated to the Plans paying Hoffman an additional $54,516.67 in arrears, pending readjudication of whether she was "Totally Disabled" under the Plans. But the stipulated judgment also states that the "matter is remanded back to [the Plans] for a further review of their termination of [Hoffman's] benefits." We believe that under ERISA regulations the Pension Plan's failure to readjudicate whatever remained of Hoffman's claim within 45 days was a constructive denial, which permits the district court's review now. *See* 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i), (l)(2)(i).

5

which it believes Hoffman would be entitled and that the Plans no longer seek restitution of the benefits paid. The briefs tell us that the Health Plan has done nothing further to adjudicate Hoffman's claim for continuing health insurance because it considers the case closed.

      1.      We now hold that in light of this odd procedural history we have jurisdiction to review the Order. The collateral order doctrine is a practical construction of 28 U.S.C. § 1291's final decision rule. *Dig. Equip. Corp.*, 511 U.S. at 867 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Appellate jurisdiction is proper for a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Id.* (internal quotation marks and citation omitted). First, the Order "amounts to a refusal to adjudicate the merits [which] plainly presents an important issue separate from the merits." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). Second, "[f]or the same reason, [the Order] would be entirely unreviewable if not appealed now." *Id.* If the court does not review the claim, it will never be resolved by the Plans. Third, the Order conclusively determines the disputed question because, while on its face the Order seems to lack finality, its "practical effect" is to terminate proceedings in the district court. *Id.* at 12–13. Since the Plans have no intention of acting further on this matter, Hoffman is left without recourse to pursue her claim

anywhere. Therefore, the requisite elements under this practical interpretation of the final judgment rule are satisfied. This is an extraordinary case where the Order leaves Hoffman "effectively out of court" and is therefore final. *Id.* at 10. Our jurisdiction is thus proper.

    2.    The district court erred by not granting the Order in full. Mindful of the fact that the district court has broad latitude to control its docket, "we will reverse a district court's litigation management decision[] . . . if it abused its discretion . . . ." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002); *see generally In re Staffer*, 306 F.3d 967, 971 (9th Cir. 2002) (stating denial of motion to reopen a bankruptcy case is reviewed for abuse of discretion); *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir. 2000) (stating denial of motion to reopen a judgment is reviewed for abuse of discretion). The unusual posture of this case has understandably led the district court to believe that coverage issues remain outstanding and are subject to administrative review and exhaustion. But the Plans insist they decided everything and "issued their final decision by March of 2016, [triggering] Hoffman [to file *Hoffman II*] in response." And while the parties seem to agree that the Plans decided the occupational nexus question, their understanding diverges as to whether the Plans have effectively decided the "Total Disability" component. Moreover, the district court based its Order on the erroneous assumption that the Plans are "actively" considering—and will decide—

Hoffman's claim.

Notwithstanding this confusion, we think the Plans constructively denied her claim in whole following the district court's 2014 administrative remand in *Hoffman I*, and in any event 45 days after the stipulated judgment in *Hoffman II*. The Plans did not comply with the regulatory time limits for deciding disability benefits claims. 29 C.F.R. § 2560.503-1(i)(3)(i). Therefore, the regulations deem as constructively denied Hoffman's claim in whole, which now entitles her to the district court's review. *Id.* at § 2560.503-1(l)(2)(i).

The district court's fundamental assumption that the Plans will someday decide whether Hoffman is totally disabled based on her work as a stunt actress, and therefore entitled to future health benefits, is inconsistent with the expedited timeline within which the Plans must act under the ERISA regulations. It was therefore an abuse of discretion to deny her motion to reopen based on that assumption. The Plans have done nothing to adjudicate Hoffman's outstanding claim for medical coverage under the Health Plan and will do no more because they believe there is nothing left to be decided. By not finding the Plans had constructively denied Hoffman's claim as to the Occupational Disability Pension continuing health care obligations Hoffman seeks, the district court erred. *Id.*; *see also S. Cal. Edison Co.*, 307 F.3d at 807.

Accordingly, we direct the district court to reopen *Hoffman I*, or to reopen

8

*Hoffman II* and consolidate the cases below if necessary, and then decide *de novo* whether Hoffman is entitled to continuing health benefits. *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1103, 1106 (9th Cir. 2003) (holding that deemed denied claims are subject to *de novo* review).

**REVERSED, VACATED, and REMANDED with instructions.**

Costs to Appellant.